LEO W. MACK, District Attorney Winnebago County
You state that the City of Menasha owns an electric generating plant which operates as an electric public utility. By reason of charter ordinance, approved by the electorate, management and control has been delegated to a five-person commission as permitted by sec. 66.068, Stats.
You request my opinion on the following questions:
1. Is the commission a governmental body within the meaning of sec. 19.82 (1), Stats., as created by ch. 426 Laws of 1975?
It is my opinion that it is.
2. Do the provisions of secs. 19.81-19.98, Stats., as created by ch. 426, Laws of 1975, apply to the municipal electric utility commission when it conducts utility business meetings? *Page 244 
It is my opinion that they do.
Section 19.82 (1), Stats., as created by ch. 426, Laws of 1975, provides:
 "`Governmental body' means a state or local agency, board, commission, committee, council, department or public body corporate and politic created by
constitution, statute, ordinance, rule or order; a governmental or quasi-governmental corporation; or a formally constituted subunit of any of the foregoing, but excludes any such body or committee or subunit of such body which is formed for or meeting for the purpose of collective bargaining under subch. IV or V of ch. 111." (Emphasis added.)
The utility commission you refer to meets the express terms of the statutory definition.
Section 66.068 (1), (2), (3) and (7), Stats., provides in material part:
 `Management. (1) In cities owning a public utility, the council shall . . . provide for a nonpartisan management thereof, and create for each or all such utilities, a board of 3 or 5 or 7 commissioners, to take entire charge and management of such utility, to appoint a manager and fix his compensation, and to supervise the operation of the utility under the general control and supervision of the . . . council.
 "(2) The commissioners shall be elected by the board or council for a term . . . .
 "(3) The commissioners shall choose from among their number a president and a secretary. They may command the services of the city engineer and may employ and fix the compensation of such subordinates as shall be necessary. They may make rules for their own proceedings and for the government of their department. They shall keep books of account, in the manner and form prescribed by the public service commission, which shall be open to the public.
"* * *
 "(7) In cities of the second, third or fourth class the council may provide for the operation of a public utility or utilities by the board of public works or by another officer or *Page 245 officers, in lieu of the commission above provided for." (Emphasis added.)
A municipal utility commission is not a body corporate separate from the city. It is an agency or department of city government which has power to carry out a proprietary function. Flottum v.Cumberland (1940), 234 Wis. 654, 664, 291 N.W. 777, holds that a municipal utility commission is a city commission.
In Richmond v. Lodi (1938), 227 Wis. 23, 25, 277 N.W. 620, it was stated:
 ". . . The management, as between itself and the village, sustains a relation described as governmental, even though in the relations of the utility with others, its character is proprietary . . . ."
Section 66.068 (3), Stats., provides that the books of account shall be open to the public, and secs. 19.81-19.98, Stats., require that the meetings of the utility shall be open to the public except in those cases set forth in the exemptions in sec.19.85, Stats. Whereas sec. 66.068 (3), Stats., permits the commission to make rules for its own proceedings, such rules cannot be in conflict with the provisions of secs. 19.81-19.98, Stats.
BCL:RJV