WILLIAM R. HEATH, Editor The Marshfield News-Herald City ofMarshfield
Pursuant to sec. 19.98, Stats., you request advice with respect to the Wisconsin open meeting law.
You state that the Marshfield Water and Light Commission held a duly noticed meeting on January 9, 1978, and voted to go into closed session "to discuss union negotiations and non-union and supervisory wage increases." Wage increases for non-union personnel were approved at the closed session, but the record of such approval was not made public until nearly 24 hours after the vote was taken when the minutes of the Commission were approved by the Marshfield Common Council at its regular meeting.
In 65 Op. Att'y Gen. 243 (1976), it was stated that a municipal public utility commission managing a city-owned public utility pursuant to sec. 66.068, Stats., was a governmental body under sec. 19.82 (1), Stats., and that its meetings were subject to sec. 19.81-19.98, Stats.
Part of the difficulty in handling your questions is the extent to which the Common Council of the City of Marshfield has delegated power to the Water and Light Commission to fix the salaries and wages of employes of the utility. For the purposes of this opinion, it is assumed that such Commission has the power to "employ and fix the compensation of such subordinates as shall be necessary" in accordance with the provisions of sec. 66.068 (3), Stats. *Page 118 
Your first question is whether the Commission, when duly convened in closed session for the purpose of considering wage increases for non-union employes, can vote to approve increases in closed session.
I am of the opinion that it can vote in the closed session. Pursuant to sec. 19.85 (1)(C), Stats., a governmental body which has given the required notice can convene in closed session for the purpose of:
 "Considering employment, promotion, compensation or performance evaluation data of any public employe over which the governmental body has jurisdiction or exercises responsibility."
Whereas the singular of public employe is used, the singular includes the plural. See sec. 990.001 (1), Stats. Increases in the compensation of more than one employe could therefore be "considered" in closed session. We are not concerned with the final ratification or approval of a collective bargaining agreement. Where such an agreement is involved, final ratification or approval must be accomplished in open session by reason of sec. 19.85 (3), Stats. A governmental body generally may take final action and vote in closed session where the vote is an integral part of the deliberation process. In State ex rel.Cities S. O. Co. v. Bd. of Appeals, 21 Wis.2d 516, 124 N.W.2d 809
(1963), the court was dealing with former sec. 14.90, Stats. (1959), which provided in part:
 "(2) . . . No formal action of any kind shall be introduced, deliberated upon or adopted at any closed executive session or closed meeting of any such body.
 "(3) Nothing herein contained shall prevent executive or closed sessions for purposes of:
 "(a) Deliberating after judicial or quasi-judicial trial or hearing."
The court held that after hearing a zoning appeal in public, the board of appeals could convene in closed session to "deliberate" and could vote in closed session, as it was an integral part of the deliberation process, and that the Board need not reconvene in open session to announce its result. *Page 119 
I am of the opinion that if the utility Commission has power to increase compensation of non-union employes, a court would hold that it could consider increases in closed session and could vote in closed session to finalize its action.
Your second question is whether the vote should be available immediately after the meeting.
Whereas I am of the opinion that the result in most cases should be announced as soon as possible, there may be grounds for withholding for some period of time.
State ex rel. Cities S. O. Co., supra, indicates that under prior law no immediate announcement or reconvening into open session was required. Under present law a body could not reconvene into open session after closed session within twelve hours unless notice of such intention to reconvene in open session was given at the same time and in the same manner as the public notice of the meeting convened prior to the closed session. Sec. 19.85 (2), Stats. This would not preclude the presiding officer from making an announcement to anyone present or from issuing a news release after the closed session terminated.
Whether there must be disclosure of the vote depends in part on whether the reason for convening into closed session continues. Section 19.88 (3), Stats., is applicable to open and closed sessions and provides:
 "The motions and roll call votes of each meeting
of a governmental body shall be recorded, preserved and open to public inspection to the extent prescribed in s. 19.21." (Emphasis added.)
Under sec. 19.21 (2), Stats., the right to inspect and copy is limited in certain respects, including "with proper care, duringoffice hours and subject to such orders or regulations as the custodian thereof prescribes." (Emphasis added.)
Your letter does not disclose whether there was a deliberate withholding of the record of the motions and votes or whether there was a mere delay in disclosure because of a lack of a demand to see the record. If it was the former, I am not aware of any sufficient reason to justify a 24-hour delay. In other situations where competitive or bargaining reasons may continue or where detection of *Page 120 
crime is currently involved or where disclosure of financial, medical, social histories or disciplinary data of specific persons would have substantial adverse effect upon the reputation of any person referred to, the custodian may refuse disclosure where specific reason is given. The person seeking inspection may then institute an action in mandamus to test the reason. See 63 Op. Att'y Gen. 400 (1974).
BCL:RJV